**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JEFFERY R. WERNER | : CIVIL ACTION NO.: 19-cv- |
| | : |
| *Plaintiff*, | : |
| v. | : |
| | : |
| GOVIRAL, INC, and | : |
| DOES 1-5, | : |
| | : |
| *Defendants.* | : |
| | : JURY TRIAL DEMANDED |
| | : |
| | : |

## CIVIL ACTION COMPLAINT

Plaintiff, Jeffery R. Werner, seeking monetary relief, allege as follows:

## NATURE OF THE ACTION

1.      Plaintiffs bring this Complaint for direct, contributory, and vicarious copyright infringement against the Defendants under the copyright laws of the United States, 17 U.S.C. § 101, *et seq*., requesting actual or statutory damages stemming from Defendants' for-profit, unauthorized exploitation of Mr. Werner's copyrighted photographic images.

## ADDRESSES

2.      The address of each named party is as follows: Jeffery R. Werner, 4910 1/4 McConnell Ave., Los Angeles, CA 90066 ("Mr. Werner"); and GoViral, Inc., 246 5th Avenue, Suite 501, New York, NY 10036 ("GoViral").

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction over the copyright infringement claim, with subject matter jurisdiction vested in this Court pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1338(a) (acts of Congress relating to

copyrights).

4.      This Court has general personal jurisdiction over the Defendants pursuant to Federal Rule of Civil Procedure Rule 4(k)(1) and C.P.L.R. § 301 because GoViral has continuous and systematic relations with New York through its in-state office which is a mere department of the corporation lacking separate corporate existence.  Accordingly, it has minimum contacts and jurisdiction is reasonable.

5.      This Court has specific personal jurisdiction over the Defendants pursuant to Federal Rule of Civil Procedure Rule 4(k)(1) and C.P.L.R. § 302(a)(1-2, 4) because GoViral transacts its business involving copyright infringeent within New York and uses and possesses real property within New York, and so it has minimum contacts and jurisdiction is reasonable .

6.      Venue in this judicial district is proper under 28 U.S.C. § 1400(a) (venue in copyright actions) in that each Defendant may be found in this District. In addition, venue is proper under 28 U.S.C. §1391(b)(1) (Defendants' residence) and, on information and belief,  28 U.S.C. § 1391(b)(2)  (where a substantial part of actions occurred).

<u>**PARTIES**</u>

7.      Plaintiff, Mr. Werner, is an individual residing in Los Angeles, California. He is the owner of the copyrights of the photographs that are the subject of this action.

8.      Defendant, GoViral, is a  Canadian corporation that is the publisher of the website www.Diply.com ("Diply.com") headquartered in London, Ontario.

9.      GoViral has an office in New York City where it does a substantial portion of its business and where some of its managers and many of its staff do business. *See* Exhibit "1."

10.    GoViral issued a press release in early June 2016 announcing that its President and Chief Revenue Officer was "[h]eadquartered in New York" where he will "spearhead global revenue operations, sales strategy and client services for Diply, and lead the rapid build-out of the company's U.S. footprint, including its social, branded entertainment, video and programmatic businesses."  *See* Exhibit "2."

11.    Defendants Does 1 through 5, inclusive, are other parties not yet identified who have infringed Plaintiffs' copyrights, have contributed to the infringement of Plaintiffs' copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual, or otherwise, of Defendants Does 1 through 5, inclusive, are presently unknown to Plaintiff who therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

## FACTS

12.    Mr. Werner has over 35 years of experience as a professional photographer. His work has appeared in magazines world-wide as covers, features, and editorial coverage in publications such as *Life, Time, Newsweek, People, Marie Claire, FHM, Smithsonian, Playboy, Maxim, In Touch, Daily Mail, Penthouse, Psychology Today, Stern, Country Weekly, Page Six Sunday Magazine* (NY Post), and many others.

13.    Mr. Werner is also well-known for his work with exotic animals, celebrities in their homes, remote aboriginal peoples, sideshow eccentrics, and people who have overcome incredible obstacles.  Mr. Werner has a growing "outsider art" reputation, and his work was the subject of a retrospective gallery exhibition at the Annenberg Space for Photography in Los Angeles.

14.     Mr. Werner conducts his business by the syndication of photo features and by licensing of his catalog of photographs.

15.     In May, 2014, Mr. Werner contracted to create one or more photo features of Sydney Smith, who was called the "Giraffe Woman" because she attempted to stretch her neck with rings for several years.  Mr. Werner conducted three photo shoots of Ms. Smith in November 2014, May 2016, and November 2016.  For the November 2014 shoot Mr. Werner hired a makeup artist at substantial expense to do a full body painting of the model in the manner of giraffe fur.    In course of those three shoots Mr. Werner created several photographs ("Photographs") of Sydney Smith.  *See* a claim chart of the three works that Plaintiff alleges are at issue in this action at Exhibit "3."

16.     Mr. Werner owns the copyrights to the Photographs as shown but the Registration Certificates for the Photographs with relevant image deposits.  *See* Exhibit "4."

17.     On March 16, 2017 Mr. Werner – acting though his licensing company, Incredible Features, Inc. – syndicated a photo feature in the *Daily Mail* using some of the Photographs and several other photographs.  *See* Exhibit "5."

18.     GoViral has described the business of Diply.com in legal filings as being, in part, the "[d]evelopment of photos for display on social media sites" and "production and post-production of web content namely, photos for display on social media sites".  *See* Exhibit "6."

19.     On or about April 28, 2017 GoViral displayed the Photographs described in Exhibit "1" on its website, Diply.com, without authorization in an article written by Devin Duke titled " 'Giraffe Woman' Stretched Her Neck For 5 Years – But Now the Rings Are

Coming Off" (the "First GV Accused Work"). *See* Exhibit "7."

20.     At an unknown date believed to be in early 2019 GoViral republished the infringing work in rearranged form in another article at a different URL address identifying "Diply" as the author of the new work (the "Second GV Accused Work"). *See* Exhibit "8."

21.     GoViral recopied the Photographs to its Diply.com web servers.  *See* server copies of Exhibit "9."

22.     At some or all relevant times, GoViral stored copies of Mr. Werner's Photographs on servers located in the United States operated by Zebrafish Labs, Inc., a Delaware corporation that was registered to do business in New York from April 5, 2017 through March 5, 2019.

23.     On information and belief, GoViral syndicated the GV Accused Work to third parties as if it owned Mr. Werner's Photographs.

24.     Other copyright pirates have infringed Mr. Werner's Photographs by either licensing their use from GoViral or by simply stealing them from the original infringer. Some simply used GoViral's Accused Work, suggesting that GoViral may have syndicated its work as if it owned Mr. Werner's Photographs.  *See* Exhibit "10." Others cobbled together their own infringing work crediting some of Mr. Werner's images to Diply.  *See* Exhibit "11" (downstream infringements in numerous foreign language websites are not attached for reasons of space).

25.      While Mr. Werner does not now plead any claims against GoViral based on these downstream infringements prior to discovery, the additional infringements stemming from GoViral's accused works illustrates the ramifying harm that GoViral's copyright piracy inflicts on authors and rights owners.

## COUNT I
### Against GoViral and Does 1 through 5
### (Copyright Infringement, 17 U.S.C. § 501)

26.     Mr. Werner incorporates the allegations contained in paragraphs 1-25.

27.     Mr. Werner is the author and copyright owner of the Photographs.

28.     Defendants GoViral and Does 1 through 5 (the "Direct Infringers") have reproduced, displayed, distributed or otherwise copied the Photographs without Plaintiffs' license or authorization.

29.     The actions and conduct of the Direct Infringers, as described above, infringed upon the exclusive rights granted to photographers under 17 U.S.C.A. 106 to display, reproduce and distribute their work to the public.  Such actions and conduct constitute copyright infringement under the Copyright Act of 1976, 17 U.S.C.A. 501.

30.     Plaintiffs have complied in all respects with 17 U.S.C. §§ 101 *et seq.*, and secured and registered the exclusive rights and privileges in and to the copyrights of the above-referenced works pursuant to 17 U.S.C. § 408.

31.     Having timely registered their copyright in the Photographs, Plaintiffs are entitled to elect statutory damages under 17 USC § 412 and § 504(c), in an amount of not less than $750 or more than $30,000 per infringement of each work registered prior to the Direct Infringers' infringements.

32.     Mr. Werner alleges, on information and belief, that Defendants conducted their businesses by routinely exploiting photographic images without payment to, and without obtaining licenses from, copyright owners.  Such commercial piracy in an industry in which copyrights are prevalent and well-understood will support an award of enhanced statutory damages for willful infringement under Section 504(c)(2) of the Copyright Act in

the sum of up to ($150,000.00) per infringed work.

33. In the alternative, Mr. Werner is entitled to elect recovery of its actual damages and Defendants' profits attributable to the infringement of the Photographs, pursuant to 17 U.S.C. 504(b).

34. Within the time permitted by law, Mr. Werner will make his election between actual damages and profit disgorgement, or statutory damages.

35. Prior registration also entitles Mr. Werner to seek an award of attorney's fees pursuant to 17 USC § 412 and § 505.

**<u>COUNT II</u>**
**Against GoViral and Does 1 through 5**
**(Vicarious And/Or Contributory Copyright Infringement)**

36. Mr. Werner incorporates by reference all the allegations of paragraphs 1 through 35 as though fully set forth herein.

37. Defendants (the "Secondary Infringers") are liable for the infringements committed by the Direct Infringers if they are not themselves direct infringers.

38. The Secondary Infringer contributed to, induced, or assisted infringements by the Direct Infringers. The Secondary Infringer infringed while acting as the principals of the Direct Infringers by directing and controlling the Direct Infringers' use of technology, facilities, and support services at rebelcircus.com.

39. The Secondary Infringers had, or should have had, knowledge of the infringements of the Direct Infringers who were their employees, contractors, or agents. Further, the Photographs were published on the Secondary Infringers' websites and the Secondary Infringers were, or should have been, aware of that fact. As the owners or controllers of their respective websites, the Secondary Infringers knew, or should have

known, that the Direct Infringers did not have licenses to use Mr. Werner's images. Indeed, most of the accused works contained Mr. Werner's copyright notices inset within the images.

40.     The Secondary Infringers had the right and ability to supervise the infringing activity that all the Direct Infringers committed because the infringements occurred on the Secondary Infringers' website and programs.

41.     The Secondary Infringers obtained some financial benefit from the infringement of Mr. Werner's rights in the Photographs because they published advertisements and links to other content on the Photographs and because they were a draw for viewers regardless of the revenue received from advertising.  Accordingly, they had an incentive to permit infringement by the Direct Infringers.

42.     As a direct and proximate result of said acts of secondary infringement, Plaintiffs have suffered substantial damages in an amount to be proven at trial.

43.     Mr. Werner is entitled to actual damages and disgorgement of direct and indirect profits realized by the Secondary Infringers in an amount to be proven at trial or, at Mr. Werner's election, statutory damages.

44.     Within the time permitted by law, Mr. Werner will make his election between actual damages and profit disgorgement, or statutory damages, depending upon which is larger.

45.     Mr. Werner is further entitled to its attorneys' fees and costs pursuant to 17 U.S.C. § 505.

# **RELIEF**

WHEREFORE, Plaintiff requests judgment against Defendants GoViral and Does 1 through 5 for:

1.      A finding that Defendants infringed Plaintiff's copyright interests in the Photographs by copying and displaying them and for using them to create derivative works for commercial purposes without any license or consent;

2.      An award of actual damages and disgorgement of all of Defendants' profits attributable to the infringement, as provided by 17 U.S.C. §504, in an amount to be proven at trial or, in the alternative, at Plaintiffs' election, statutory damages for willful infringement pursuant to 17 U.S.C. §504(c)(1) or (2), whichever is larger;

3.      An order, pursuant to 17 U.S.C. 502(a), enjoining Defendants from any further infringing use of any of Plaintiff's works.

4.      An order, pursuant to 17 U.S.C. §§ 502 and 503, impounding or enjoining Defendants to turn over to Plaintiffs all copies of the Photographs made or used in violation of the exclusive right of the copyright owner; all plates, tapes, film negatives, or other articles by means of which such copies may be reproduced; and records documenting the manufacture, sale, or receipt of things involved in any such violation.

5.      An award of Plaintiff's attorney's fees and costs pursuant to 17 U.S.C. § 505;

6.      Pretrial interest as permitted by law; and

7.      Such other relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury in this action of all issues so triable.

Respectfully submitted,
**SPECTOR GADON & ROSEN, P.C.**

By: */s/ Bruce Bellingham*
  Bruce Bellingham, Esquire
  David B. Picker, Esquire
  1635 Market Street, 7th Floor
  Philadelphia, PA 19103 (215) 241-8916
  *bbellingham@lawsgr.com*
  *dpicker@lawsgr.com*
  *Attorneys for Plaintiff*

May 28, 2019